UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

THOMAS CALHOUN,                                    Civil Action No. 1:06-cv-782
      Petitioner,

                                          Dlott, J.
      vs.                                          Black, M.J.

WANZA JACKSON,                                     **REPORT AND**
      Respondent.                                  **RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254. The case is now before the Court upon the petition (Doc. 1),

respondent's return of writ and exhibits thereto (Doc. 9), and petitioner's response/traverse (Doc.

10), and on petitioner's motion to hold habeas petition in abeyance (Doc. 3) and respondent's

memorandum in opposition. (Doc. 8).

## I.      PROCEDURAL HISTORY

This case involves the following facts, as summarized by the First District Ohio Court of

Appeals:[1]

> Defendant-appellant Thomas Calhoun was separated from his wife. Calhoun
> entered his wife's house through a window. When his wife returned home,
> Calhoun beat her, banged her head on a concrete floor, threatened her with a
> hammer, and forced her to withdraw $500 from an ATM machine. Calhoun took
> the money, along with his wife's wedding ring, watch, and car keys.
> Subsequently, Calhoun was convicted of aggravated burglary, felonious assault,
> and robbery.

(Doc. 9, Exh. 11 at 1).

Petitioner was indicted by the April 2003 Term of the Hamilton County, Ohio Grand Jury

---

[1] The factual findings of the state appellate court are entitled to a presumption of correctness in the absence
of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *see McAdoo v. Elo*, 365 F.3d 487, 493-94
(6th Cir. 2004).

on one count of robbery in violation of Ohio Rev. Code § 2911.02(A)(3) (Count 1), one count of

domestic violence in violation of Ohio Rev. Code § 2919.25(A) (Count 2), one count of

aggravated burglary in violation of Ohio Rev. Code § 2911.24(A)(1) (Count 3), one count of

felonious assault in violation of Ohio Rev. Code § 2903.11(A) (Count 4), one count of

kidnapping in violation of Ohio Rev. Code § 2905.01(A)(3) (Count 5), and one count of robbery

in violation of Ohio Rev. Code § 2911.02(A)(2) (Count 6). (Doc. 9, Exh. 1).  Petitioner entered a

plea of not guilty on August 22, 2003. (Doc. 9, Exh. 2).  Following a bench trial on October 21

and  22, 2003, petitioner was found guilty of aggravated burglary, felonious assault, and one

count of robbery (Count 6), but acquitted of the kidnapping charge.  The charges of domestic

violence and one count of robbery (Count 1) were dismissed by the Court at the request of the

prosecution following the close of the State's case. (Doc. 9, Exh. 3; Transcript 175-76, 258-59).

On November 13, 2003, petitioner was sentenced to serve eight years imprisonment on each

offense, all to be served concurrently. (Doc. 9, Exh. 4).

Petitioner, through new counsel, filed a timely appeal[2] to the First District Court of

Appeals and presented one assignment of error:

> 1. The trial court erred to the substantial prejudice of Defendant-Appellant by not
> finding him guilty of a lesser included offense when the evidence warranted such
> a finding.

(Doc. 9, Exh. 5).  Petitioner framed the issue for review as follows:

> Should the trial court have found the accused guilty of aggravated assault instead of
> felonious assault because of evidence of sufficient provocation?

---

[2]  Petitioner initially filed a *pro se* notice of appeal on November 3, 2003 and a second notice of appeal on
November 25, 2003. (Doc. 9, Exhs. 34, 35, Docket Sheets).  On January 9, 2004 the First District Court of Appeals
consolidated the two appeals under Case No. C03821. (Doc. 9, Exh. 6, Scheduling and Consolidation Order, Case
No. C03821, C030869).

(Doc. 9, Exh. 5).  The State filed a brief in response. (Doc. 9, Exh. 7).  On December 27, 2004, petitioner filed a *pro se* motion for leave to file a supplemental brief, arguing that his appellate attorney did not follow all of his suggestions for legal arguments to be presented on appeal. (Doc. 9, Exh. 8).  Petitioner also argued that appellate counsel failed to challenge the effectiveness of his trial counsel and two of his convictions, and misstated one of the facts in his case by indicating that he and his wife lived apart. (*Id*.).  The Court of Appeals overruled petitioner's  motion on January 13, 2005. (Doc. 9, Exh. 9).

On March 23, 2005, petitioner filed a *pro se* "motion for consideration of additional authority," specifically *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005).  Based on these decisions, petitioner argued that the trial court's imposition of a sentence greater than the minimum violated his constitutional rights and requested that his case be remanded to the trial court for re-sentencing to the minimum term. (Doc. 9, Exh. 10).

On June 22, 2005, the Court of Appeals affirmed the judgment of the trial court, overruling both the single assignment of error raised by appellate counsel and the sentencing claim raised in petitioner's *pro se* motion. (Doc. 9, Exh. 11).

On July 18, 2005, petitioner filed a *pro se* application to reopen his direct appeal pursuant to Rule 26(B), Ohio Rules of Appellate Procedure, presenting a claim of ineffective assistance of appellate counsel. (Doc. 9, Exh. 17).  The State filed a response, to which petitioner replied. (Doc. 9, Exhs. 18, 19).  The State then filed an additional memorandum, in response to which petitioner filed a motion to strike. (Doc. 9, Exhs. 20, 21).  On September 30, 2005, the Ohio Court of Appeals denied the application to reopen. (Doc. 9, Exh. 22).

Meanwhile, on August 29, 2005, petitioner filed a *pro se* notice of appeal and motion for

delayed appeal to the Supreme Court of Ohio from the denial of his direct appeal by the First

District Court of Appeal. (Doc. 9, Exh. 12).  The Supreme Court of Ohio granted the motion for

delayed appeal on October 12, 2005, allowing the appeal to go forward. (Doc. 9, Exh. 13).  On

October 31, 2005, petitioner filed his memorandum in support of jurisdiction and raised the

following propositions of law:

> PROPOSITION OF LAW NO. 1: A trial court erres (sic) to the substantial
> prejudice of defendant-appellant by not finding him guilty of a lesser offense
> when the evidence warrented (sic) such finding.

> PROPOSITION OF LAW NO. 2: A court of appeal erres (sic) to the substantial
> prejudice of a defendant-appellant when it applied an inapplicable authority to
> deny appellants (sic) rights afforded under *Blakely v. Washington* and erres (sic)
> to the substantial prejudice of defendant-appellant  when it denies Appellate Rule
> 26(B) application under false pretenses.

> PROPOSITION OF LAW NO. 3: A trial court erres (sic) to the substantial
> prejudice of  defendant-appellant when it convicts him based on insufficient
> evidence.

(Doc. 9, Exh. 14).[3]  The State filed a response. (Doc. 9, Exh. 15).  On February 8, 2006, the

Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any

substantial constitutional question. (Doc. 9, Exh. 16).

**Post-conviction motions**

On January 27, 2004, petitioner filed a *pro se* motion to vacate or set aside his sentence

in the trial court, challenging the effectiveness of trial counsel and the use of perjured testimony

to obtain a conviction in violation of petitioner's due process rights. (Doc. 9, Exh. 23).  The State

filed a response. (Doc. 9, Exh. 24).  On March 2, 2004, the trial court denied petitioner's motion,

---

[3]  Although petitioner did not file a notice of appeal to the Supreme Court of Ohio from the Ohio Court of
Appeals' denial of his Rule 26(B) application to reopen, petitioner nevertheless challenged the decision of the court
of appeals in his memorandum to the Supreme Court of Ohio.

finding his constitutional claims barred on the basis of res judicata and his ineffective assistance of trial counsel claim not supported by evidentiary documents. (Doc. 9, Exh. 25).

On April 9, 2004, after the trial court issued its decision on his motion for post-conviction relief, petitioner filed a motion for leave to file an amended post-conviction petition in which he alleged six instances of ineffective assistance of trial counsel. (Doc. 9, Exh. 29). The trial court has not ruled on the motion. (Doc. 9, Exh. 28, Docket Sheet).

On October 13, 2006, Calhoun filed a second motion to vacate his sentence in which he challenged his sentence on Sixth Amendment grounds, citing *Apprendi v. New Jersey,* 530 U.S. 466 (2000) and its progeny, and the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), *cert. denied,* 127 S.Ct. 442 (2006). (Doc. 9, Exh. 30).  On November 9, 2006, the trial court summarily denied petitioner's motion. (Doc. 9, Exh. 31).

On November 22, 2006, petitioner filed a *pro se* notice of appeal from the trial court's November 9, 2006 order in the First District Court of Appeals, Hamilton County, Ohio. (Doc. 9, Exh. 32).  That same month, the Ohio Court of Appeals set a briefing schedule, calling for the completion of briefing in March of 2007. (Doc. 9, Exh. 33, Docket Sheet, Case No. C-061001).

**Motions for New Trial**

On April 6, 2004 and May 3, 2004, petitioner filed virtually identical motions for leave to file a delayed motion for a new trial based on newly discovered evidence. (Doc. 9, Exhs.  26, 27).  The new evidence, according to petitioner, is a conversation petitioner had with his wife while he was incarcerated in which she admitted to lying at his trial. (*Id.*).  The trial court has yet to rule on these motions. (Doc. 9, Exh. 28, Docket Sheet).

On November 14, 2006, petitioner filed a petition for writ of habeas corpus in this federal

court.  The Petition for Writ of Habeas Corpus raises the following grounds for relief:

> **GROUND ONE**: Trial Court erred in failing to instruct of (sic) lesser included offense.
>
> **Supporting Facts:** Petitioner, and his wife had an altercation that got out of hand. This case is a classical case of Domosetic (sic) violence. Therefore, instruction of the lesser included offense should have been considered.
>
> **GROUND TWO**: Appellate Court erred in denying application for opening Direct Appeal.
>
> **Supporting Facts:** Appellate Counsel was In-effective (sic) for not raising a Blakely Issue on Direct Appeal.
>
> **GROUND THREE:**  Sufficiency of the Evidence.
>
> **Supporting Facts:** Evidence aduced (sic) at trial was insufficient to Sustain a Conviction of Assault, Aggravated Robbery (sic),[4] and Robbery.

(Doc. 1).


## II.  STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a

presumption of correctness in the absence of clear and convincing evidence to the contrary. 28

U.S.C. § 2254(e)(1).  *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*,

267 F.3d 524, 530 (6th Cir. 2001).  In addition, the decision of the Ohio Court of Appeals is

binding on this Court unless it is contrary to clearly established law or was based on an

unreasonable determination of the facts of record. *Franklin v. Francis*, 144 F.3d 429, 433 (6th

Cir. 1998).

---

[4]  Petitioner was actually convicted of aggravated burglary.

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104- 132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

1.      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2.      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The phrases "contrary to" and "unreasonable application" have independent meanings:

A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in ... [Supreme Court] cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case.  The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable ... and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).


## III.  GROUND ONE IS NOT COGNIZABLE IN HABEAS CORPUS.

Ground One of the petition asserts that the trial court erred in "failing to instruct of (sic) lesser included offense" of domestic violence. (Doc. 1).  Since petitioner's trial was to the bench, there were no jury instructions given and, therefore, no ground for habeas relief based on any allegedly erroneous jury instructions.  Therefore, Ground One is without merit.

In his traverse brief, petitioner characterizes Ground One as follows: "The trial court erred in not finding [him] guilty of the lesser misdemeanor charge of Domestic Violence." (Doc.

7

10 at 5).  Even accepting this version of Ground One of the petition, the Court finds that Ground One of the petition fails to state a claim for a violation of constitutional law and is not cognizable in federal habeas corpus.

A federal court may grant a writ of habeas corpus only if the prisoner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Edwards v. Carpenter,* 529 U.S. 446, 454 (2000) (Breyer, J. & Stevens, J., concurring); *Robinson v. Stegall,* 355 F.3d 916, 917 (6th Cir. 2004).  The Supreme Court has made it clear that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("reemphasiz[ing] that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions") (citing *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990) and *Pulley v. Harris,* 465 U.S. 37, 41 (1984)).  Claims based on errors of state law are not cognizable on federal habeas review. *Pulley,* 465 U.S. at 41.

In this case, petitioner argues this claim only as a matter of state law.  He contends the trial court failed to properly consider that he was married to the victim and resided at the victim's home and therefore erred in convicting petitioner of felonious assault instead of the lesser charge of domestic violence.  Petitioner contends "the marital relationship in this case puts the petitioner's actions and the allegations of the victim into the confines of Domestic Violence in violation of O.R.C. § 2919.25." (Doc. 10 at 6-7, citing Ohio law).  He contends that "[t]he trial court convicted petitioner of Felonious Assault even though the state didn't prove any of the elements of the Felonious Assault statute." (Doc. 10 at 8).  Petitioner argues that the evidence does not support a conviction of felonious assault. (Doc. 10 at 9).

Petitioner has failed to allege any violation of federal law in his petition or traverse brief

with respect to Ground One of the petition. Since petitioner alleges a violation of state law only, Ground One is not cognizable in this federal habeas corpus proceeding. Therefore, this claim should be dismissed as non-cognizable.[5]

## IV. GROUND TWO IS PROCEDURALLY DEFAULTED AND WAIVED AND, IN THE ALTERNATIVE, IS WITHOUT MERIT.

Ground Two of the petition asserts that the Ohio Court of Appeals erred by denying petitioner's application for reopening his direct appeal. Petitioner contends that appellate counsel was ineffective for not challenging his sentence as violating the Sixth Amendment and the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). In *Blakely,* the Supreme Court held that, other than the fact of a prior conviction, a judge may not impose a sentence above the statutory maximum based on aggravating factors which were not presented to a jury and found by that jury beyond a reasonable doubt. *Blakely,* 542 U.S. at 301. The *Blakely* Court clarified that "the 'statutory maximum' . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.*

Respondent contends that Ground Two is procedurally defaulted and waived, and, in any event, without merit.

As an initial matter, to the extent Ground Two of the petition alleges that the Ohio Court

---

[5]  While a violation of state law may be cognizable in federal habeas corpus actions if such error amounts to a fundamental miscarriage of justice or a violation of the right to due process guaranteed by the United States Constitution, *see Floyd v. Alexander,* 148 F.3d 615, 619 (6th Cir. 1998); *Matlock v. Rose,* 731 F.2d 1236, 1242 (6th Cir. 1984), the alleged error of state law in this case does not rise to that level. Petitioner's conclusory allegations that the trial court's refusal to consider the marital relationship and cohabitation of petitioner and the victim amounts to a "fundamental miscarriage of justice" and "resulted in the conviction of one who is actually innocent"(Doc. 10 at 8) are insufficient. As explained in connection with Ground Three, *infra*, the Court finds the evidence was constitutionally sufficient to support the state court's finding of guilt on the felonious assault charge.

of Appeals "erred in denying [the] application for [re]opening [the] Direct Appeal," petitioner's allegation of error fails to give rise to a cognizable constitutional claim subject to review in this federal habeas proceeding.  The Sixth Circuit has held that "habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings." *Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir. 2001) (citing *Kirby v. Dutton,* 794 F.2d 245 (6th Cir. 1986)).  Federal habeas review is not available to attack the legality of post-conviction proceedings because such proceedings are not related to a petitioner's detention. *Kirby,* 794 F.2d at 247 (6th Cir. 1986); s*ee also Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Alley v. Bell,* 307 F.3d 380, 387 (6th Cir. 2002).  Petitioner's claim "must directly dispute the fact or duration of the confinement." *Kirby*, 794 F.2d at 248 (citing *Prieser v. Rodriguez,* 411 U.S. 475, 500 (1973)).  A ground for relief that challenges the correctness of a state judicial proceeding and does not dispute the detention itself is not cognizable.  *See Kirby,* 794 F.2d at 247-48.

Petitioner's claim that the Ohio Court of Appeals improperly denied his Rule 26(B) application challenges the correctness of a state post-conviction proceeding, and not the conviction itself.  Because a Rule 26(B) application to reopen is a collateral proceeding, *see Lopez v. Wilson,* 426 F.3d 339, 352 (6th Cir. 2005) (*en banc*), allegations of error in this process are not cognizable on federal habeas corpus review.  *See Adkins v. Konteh*, 2007 WL 461292, *4 (N.D. Ohio 2007).

To the extent Ground Two of the petition can be read more broadly to allege a claim of denial of ineffective assistance of appellate counsel, the Court agrees with respondent that this claim has been procedurally defaulted and waived.

10

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985). If the petitioner fails to do so, he may have waived the unraised claims for purposes of federal habeas corpus review. *See Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, *e.g.*, to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

11

Federal courts may not consider "contentions of federal law that are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  If petitioner fails to fairly present his claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice as waived.  *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th  Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

 The Sixth Circuit applies a four-part test pursuant to *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) to determine if a claim is procedurally defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must determine whether the state courts actually enforced the state procedural sanction; (3) it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim; and (4) if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001), *cert. denied*, 535 U.S. 1031 (2002) (citing *Maupin*, 785 F.2d at 138).

In determining whether a state court rested its holding on a procedural default so as to bar federal habeas review, "the last state court rendering a judgment in the case must have based its judgment on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000) (citing

12

*Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991)).

Normally, a federal habeas court will find that a petitioner procedurally defaulted if the last state

court rendering a decision makes a plain statement to that effect. *Harris,* 489 U.S. at 261.  No

such statement is necessary, however, if the petitioner failed to present the relevant issues to the

state court. *Id.* at 263 n. 9; *see also Teague v. Lane*, 489 U.S. 288, 297-298 (1989) (plurality

opinion)("The rule announced in *Harris v. Reed* assumes that a state court has had the

opportunity to address a claim that is later raised in a federal habeas proceeding.").  In that event,

the federal habeas court may hold the claim procedurally defaulted "if it is clear that the state

court would hold the claim procedurally barred." *Harris*, 489 U.S. at 263 n.9.

If, because of a procedural default, a petitioner can no longer present his claims to a state

court, he has waived them unless he can demonstrate cause for the procedural default and actual

prejudice resulting from the alleged constitutional errors, or that failure to consider the claims

will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750

(1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129

(1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

A "fundamental miscarriage of justice" occurs only in the "extraordinary case, where a

constitutional violation has probably resulted in the conviction of one who is actually innocent."

*Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995).  To be credible,

such a claim "requires petitioner to support his allegations of constitutional error with new

reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness

accounts, or critical physical evidence – that was not presented at trial." *Schlup,* 513 U.S. at 324.

To obtain habeas review of the merits of a procedurally-defaulted claim under the "actual

13

innocence" exception, the otherwise-barred petitioner "must show it is more likely than not that

no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the

evidence, "including that alleged to have been illegally admitted (but with due regard to any

unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have

become available only after the trial." *Id.* at 327-28.

In the instant case, petitioner's Rule 26(B) motion to reopen the direct appeal was denied

by the Ohio Court of Appeals on September 30, 2005. (Doc. 9, Exh. 22).  Petitioner did not file a

notice of appeal from the denial of his Rule 26(B) motion to the Supreme Court of Ohio.  Rather,

he attempted to piggy-back this claim onto his delayed discretionary appeal to the Supreme

Court of Ohio by adding the ineffective assistance of appellate counsel claim to his

memorandum of jurisdiction. (Doc. 9, Exh. 14 at 7)[6].  By not properly appealing the denial of his

Rule 26(B) application to the Supreme Court of Ohio, petitioner committed a procedural default

of his ineffective assistance of appellate counsel claim.

In any event, a further procedural default precludes consideration of petitioner's

ineffective assistance of appellate counsel claim by this federal court.  The Ohio Court of

Appeals denied the motion to reopen on procedural grounds and not by examining the

underlying merits of the sufficiency of evidence and the *Blakely* sentencing claims raised by

petitioner in support of his motion to reopen. (Doc. 9, Exh. 22).  The First District Court of

Appeals determined that petitioner, in contravention of Rule 26(B)(2)(c), failed to set forth

---

[6] Petitioner's *pro se* notice of appeal and motion for delayed appeal to the Supreme Court of Ohio from the denial of his direct appeal was filed on August 29, 2005, which pre-dates the First District Court of Appeals' ruling on the motion to reopen. (Doc. 9, Exh. 12).  Petitioner never filed a notice of appeal from the denial of his motion to reopen and may not now file a delayed appeal under Rule II, Section 2(A)(4)(b), Rules of Practice of the Supreme Court of Ohio ("The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief. . . .").

"assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court." (Doc. 9, Exh. 22 at 1).[7]  The Ohio Court of Appeals determined that it already considered and rejected the sufficiency of the evidence claim raised by appellate counsel and the *Blakely* sentencing claim raised by petitioner *pro se* on direct appeal. (Doc. 9, Exh. 22 at 1-2).  The Court of Appeals further found the application to reopen  was barred by res judicata because each of the challenges advanced by petitioner in his application could have been raised on appeal to the Supreme Court of Ohio. (Doc. 9, Exh. 22 at 2).  Because the Ohio Court of Appeals relied on procedural bars to deny the application to reopen and the Supreme Court of Ohio summarily denied leave to appeal (Doc. 9, Exh. 16), the Court must presume that the Supreme Court relied on the procedural default expressly relied upon by the Court of Appeals in rejecting the ineffective assistance of appellate counsel claim.  *See Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) ("[W]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.")).  Since petitioner did not provide the state's highest court with the opportunity to consider the ineffective assistance of appellate counsel claim raised in his application to reopen, petitioner failed to satisfy the "fair presentation" requirement set forth in 28 U.S.C. § 2254(b)(1), (c); *see O'Sullivan*, 526 U.S. at 845; *Leroy*, 757 F.2d at 97, 99-100.  As there is no longer an avenue of relief that remains available in the state courts for petitioner to pursue his ineffective assistance of appellate counsel claim, *see* footnote 6

---

[7]  Rule 26(B)(2)(c) provides that an application for reopening shall contain "[o]ne or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation."

*supra*, petitioner's claim is procedurally defaulted.

Petitioner's procedural default of his ineffective assistance of appellate counsel claim waives such claim for purposes of federal habeas corpus review unless petitioner can show "cause" for his default and actual prejudice as a result of the alleged error, or that failure to consider the claim will result in a "fundamental miscarriage of justice."  *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87. Petitioner has not provided any justification as "cause" for his procedural default, nor has he shown that failure to consider his ineffective assistance of appellate counsel claim will result in a "fundamental miscarriage of justice."  Thus, Ground Two of the petition is waived.

Alternatively, this claim is without merit.  To establish his ineffective assistance of appellate counsel claim, petitioner must demonstrate: (1) his attorney on direct appeal made such serious errors he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) his attorney's deficient performance prejudiced the defense by undermining the reliability of the appeal result.  *See Strickland v. Washington,* 466 U.S. 668, 687 (1984).

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *Id.* at 688.  Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. *Id.* at 689.  In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

16

To satisfy the "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal proceedings would have been different. *Id*. at 694.  A showing by petitioner that the alleged errors had "some conceivable" effect on the outcome of the proceeding is insufficient to meet this standard. *Id*. at 693.  However, by the same token, petitioner need not demonstrate that his counsel's conduct "more likely than not" altered the outcome of the proceeding to establish prejudice.  *See id.*  Petitioner has met his burden if he shows that the decision reached would "reasonably likely have been different absent the errors." *Id*. at 695; *see also Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003); *McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000).

The Court need not examine the question of whether counsel's performance was deficient before addressing the question of whether petitioner was prejudiced by counsel's performance. The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner has made an insufficient showing on either ground. *Id*. at 697.

In this case, the petition asserts that appellate counsel was ineffective in failing to challenge petitioner's sentence as violating the Sixth Amendment and the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004). (Doc. 1 at 6).  Petitioner fails, however, to establish that he suffered any prejudice as a result of this omission on the part of appellate counsel.  Despite appellate counsel's failure to raise the *Blakely* sentencing claim on appeal, the *Blakely* arguments raised in petitioner's *pro se* "motion to consider additional authority" were in fact considered and rejected by the Ohio Court of Appeals under the authority of *State v. Lowery*, 160 Ohio App.3d 138, 826 N.E.2d 340 (1st Dist. Ohio App. 2005). (Doc. 9, Exh. 11 at 3). Therefore, any disadvantage petitioner may have suffered as a result of his counsel's failure to

17

include a *Blakely* sentencing claim as an assignment of error was overridden when petitioner was permitted to present this claim of error on appeal.  Since the Ohio Court of Appeals in fact addressed petitioner's sentencing claim on the merits, petitioner suffered no prejudice as a result of counsel's failure to do so.  Thus, petitioner has failed to demonstrate that a "reasonable probability" exists that, but for his appellate counsel's alleged failure to raise the *Blakely* sentencing claim, the result of the direct appeal proceeding would have been different. *Strickland*, 466 U.S. at 694.[8]

Therefore, petitioner has failed to show he was prejudiced by appellate counsel's alleged failure in this case and, accordingly, he would not be entitled to habeas corpus relief thereon even if this claim were not procedurally defaulted and waived.

The Court notes that the petition does not enumerate a *Blakely* claim as an independent ground for relief, but only in conjunction with petitioner's ineffective assistance of appellate counsel claim raised in Ground Two.  Nor has petitioner moved to amend the petition to include a *Blakely* claim.  However, in his traverse brief, petitioner argues the merits of a Sixth Amendment *Blakely* claim as if it were specifically enumerated as a ground for relief in the petition.

The petition in this regard fails to comply with Rule 2(c), Rules Governing Section 2254 Proceedings.  "Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  As the Supreme Court recently explained in

---

[8]  The Court also notes that it would be difficult to establish "prejudice" at this point in time under the second prong of *Strickland*, because if petitioner's sentence were vacated and the case were returned to the state courts for re-sentencing at this juncture, the sentencing court would have full discretion under *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), *cert. denied*, 127 S.Ct. 442 (2006)*,* to impose the same sentence without having to make any findings or giving any reasons for doing so.  *See Shafer v. Wilson*, No. 1:06-cv-0648, 2007 WL 315760, at *11 (N.D. Ohio Jan. 30, 2007; *see also Parks v. Timmerman-Cooper*, Case No. 3:06-cv-361 (S.D. Ohio Feb. 26, 2007) (Report and Recommendation) (Merz, M.J.), *aff'd*, 2007 WL 1452621 (S.D. Ohio May 15, 2007)(Rose, J.).

*Mayle v. Felix,* 545 U.S. 644 (2005):

> Under Rule 8(a) [of the Federal Rules of Civil Procedure], applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests. . . ."  Habeas Corpus Rule 2(c) is more demanding.  It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground.  *See also* Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ( "In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important ...." ); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error."

545 U.S. at 655 (internal quotation marks omitted).

"The petition for writ of habeas corpus, and not briefs or other documents, provides the basis for granting a writ of habeas corpus." *Smith v. Jackson*, 2006 WL 950269, *2 (E.D. Mich. 2006) (citing *Scott v. Hopkins,* 82 F. Supp.2d 1039, 1050 (D. Neb. 1999).  "A habeas petitioner's general reference to the transcripts, case records, and briefs on appeal from state court 'patently fails to comply with Rule 2(c)' of the Rules Governing § 2254 Cases." *Id.* (quoting  *Adams v. Armontrout,* 897 F.2d 332, 333 (8th Cir. 1990).  Because the petition fails to comply with Rule 2(c)(1) by failing to set forth a ground for relief alleging that petitioner's sentence violated the Sixth Amendment under *Blakely*, the Court cannot rule on the merits of petitioner's alleged *Blakely* claim raised in his traverse brief.[9]

---

[9]  In any event, it is unlikely such a claim would warrant habeas corpus relief.  The Ohio Court of Appeals denied petitioner's *Blakely* claim on the basis of *State v. Lowery*, 160 Ohio App.3d 138, 826 N.E.2d 340 (1st Dist. Ohio App. 2005).  (Doc. 9, Exh. 11 at 3).  The court in *Lowery* held that a violation of the right to jury trial under *Blakely* was harmless error where the trial court gave alternative bases for imposing the maximum sentence, and one such basis included the defendant's prior convictions for which *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000) and *Blakely* created an exception, to wit:  "[o]*ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Blakely,* 542 U.S. at 301 (emphasis added).

       *Blakely* confirms that prior criminal convictions are an exception to its holding. *Blakely,* 542 U.S. at 301;

*see also Jones v. United States,* 526 U.S. 227, 243 n. 6 (1999) (explaining that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."); *Almendarez-Torres v. United States,* 523 U.S. 224, 243-44 (1998) (holding that recidivism does not qualify as an element of the crime to be proven beyond a reasonable doubt although it may be employed as a means to enhance a defendant's maximum penalty); *Oyler v. Boles,* 368 U.S. 448, 451 (1962) ("[T]he constitutionality of the practice of inflicting severer criminal penalties upon habitual offenders is no longer open to serious challenge."). A review of the sentencing transcript in this case shows that petitioner's sentence was based on the circumstances of the offense and on his extensive prior criminal record, including his prior convictions for robbery, falsification, burglary (at least two), trespassing, and assault. (Transcript at 272). The trial court at sentencing reviewed petitioner's criminal history on the record and stated, "I know you had a different version of what happened, but the evidence was clear, here, exactly what went down and taken–factoring in your prior convictions, and you prior–you have been unsuccessful at rehabilitation." (Transcript at 273). The judge went on to find, "I think to impose the minimum sentence here serious [demeans the] (sic)-type of offense that you inflicted upon this victim. I don't think it would adequately protect, as I said, the public, particularly here. There is no question about it: You show great potential to reoffend keep doing it. . . ." (Transcript at 274). Thus, even assuming petitioner did properly plead a *Blakely* claim in the petition, his sentence was enhanced, at least in part, because of his extensive prior felony convictions, which is a fact that need not be found by a jury.

The felony sentencing statute under which petitioner was sentenced, Ohio Rev. Code § 2929.14(A) and (B), sets forth a "statutory maximum" of three years for a felony of the first degree and two years for a felony of the second degree in the absence of additional factual findings of aggravating circumstances beyond those inherent in the offense itself. Petitioner's sentence of eight years on each count is within the sentence that may be imposed upon a defendant with prior convictions as set forth in Ohio Rev. Code § 2929.14(A) and (B). Accordingly, the trial court's use of petitioner's prior convictions to enhance his sentence would be neither contrary to, nor an unreasonable application of, clearly established United States Supreme Court precedent. Rather, it would be entirely consistent with the holdings of *Blakely, Apprendi,* and *Amendarez-Torres.* Thus, even if petitioner had properly raised a *Blakely* claim as a ground for relief in his petition, it would be without merit.

20

**V.  PETITIONER'S SUFFICIENCY OF EVIDENCE CLAIMS ON HIS ROBBERY AND
AGGRAVATED BURGLARY CONVICTIONS RAISED IN GROUND THREE ARE
PROCEDURALLY DEFAULTED AND WAIVED; PETITIONER'S SUFFICIENCY OF
EVIDENCE CLAIM ON HIS FELONIOUS ASSAULT CONVICTION IS WITHOUT
MERIT.**

Ground Three of the petition asserts that the evidence adduced at trial was insufficient to

sustain a conviction on petitioner's felonious assault, aggravated burglary, and robbery

convictions.

Petitioner's sufficiency of evidence claims on his aggravated burglary and robbery

convictions are procedurally defaulted and waived.  Although petitioner raised these claims as

propositions of law before the Supreme Court of Ohio, he failed to first present these claims on

direct appeal to the Ohio Court of Appeals. (Doc. 9, Exhs. 5, 10).  His failure to raise these

claims with the Ohio Court of Appeals precludes review in the Supreme Court of Ohio.  "The

Ohio Supreme Court has stated that it will not consider constitutional claims not raised and

preserved in the Ohio Court of Appeals." *Fornash v. Marshall,* 686 F.2d 1179, 1185 n. 7 (6th

Cir.1982), (citing *State v. Phillips,* 27 Ohio St.2d 294, 272 N.E.2d 347, 352 (1971)).  Since

petitioner failed to raise his sufficiency of the evidence claims in his appeal to the state court of

appeals, he committed a procedural default of such claims for purposes of his federal habeas

corpus petition because he did not provided the highest state court in Ohio with an opportunity to

correct any alleged constitutional error.  *See Leroy v. Marshall,* 757 F.2d 94, 99-100 (6th Cir.

1985), *cert. denied ,* 474 U.S. 831 (1985); *State v. Phillips,* 27 Ohio St.2d 294, 302, 272 N.E.2d

347, 352 (1971).  Accordingly, this Court may not consider these claims unless he shows cause

for the default and actual prejudice as a result of the alleged errors, or demonstrates that failure

to consider the claims will result in a "fundamental miscarriage of justice."  *See Coleman,* 501

21

U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

Petitioner fails to provide any justification as "cause" for his procedural default, nor has he shown that failure to consider his sufficiency of evidence claims will result in a "fundamental miscarriage of justice."  Although petitioner's application for reopening faults his appellate counsel for failing to raise these claims, his claim for ineffective assistance of counsel cannot supply the "cause" for his procedural default as that claim was also procedurally defaulted as explained in Section IV, *supra*.  Thus, Ground Three with respect to petitioner's claims of insufficient evidence on his aggravated burglary and robbery convictions is waived.

Ground Three of the petition also asserts there was insufficient evidence to support petitioner's conviction for felonious assault.  In this regard, petitioner contends that the victim was not hit with any type of weapon; that the victim's injuries were not consistent with her testimony that her head was "viciously slammed into concrete" (Doc. 10 at 8); that the police officer's testimony that he felt big lumps on the back of the victim's head was not consistent with the medical reports produced at trial; that the emergency room treatment consisted only of an ice pack for swelling of her black eye and an over-the-counter medication for pain suggesting non-serious injuries; and that the black eye suffered by the victim was not life threatening. (Doc. 10 at 8-9).

The statute defining the crime of felonious assault states, "No person shall knowingly . . . [c]ause serious physical harm to another . . . ." Ohio Rev. Code § 2903.11(A)(1).  On direct appeal, petitioner argued that he produced sufficient evidence that his wife had provoked him into a sudden fit of passion or rage and therefore he should have been convicted of aggravated assault.  In overruling this assignment of error, the state appellate court hearing petitioner's

direct appeal made the following findings regarding his claim of insufficient evidence to convict:

> In *State v. Dixson* (May 21, 2004), 1st Dist. No. C-030227, 2004-Ohio-2575, citing *State v. Mack*, 82 Ohio St.3d 198, 201, 1998-Ohio-375, 694 N.E.2d 1328, and *State v. Shane* (1992), 63 Ohio St.3d 630, 634-635, 590 N.E.2d 272, we stated, "To determine whether sufficient evidence of serious provocation exists, a trial court must employ a two-part inquiry. First, the court must objectively determine whether the allege provocation was reasonably sufficient to bring on a sudden passion or fit of rage. [Citation omitted.] If this objective standard is met, the inquiry shifts to a subjective standard, to determine whether the defendant in the particular case actually was under the influence of sudden passion or in a sudden fit of rage."

> Calhoun argues that he presented evidence of sufficient provocation when he testified that his wife "started calling [his mother] every kind of bitch, whore, slut in the book."

> In most situations, words alone will not constitute reasonably sufficient provocation to incite the use of deadly force. See *State v. Shane*, supra; *State v. Dixson*, supra. Following a review of the record, we hold that Calhoun did not present evidence of any serious provocation that would have aroused the passions of an ordinary person beyond his control. See *State v. Mack*, supra. The alleged provocation in this case was not reasonably sufficient, as a matter of law, to bring on a sudden fit of passion or rage. The assignment of error is overruled.

(Doc. 9, Exh. 11 at 2).

The Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case from conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he or she is charged. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979); *In re Winship,* 397 U.S. 358, 364 (1970). In analyzing claims of insufficient evidence, the Court must determine whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). This standard reserves to the trier of fact the responsibility to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to the ultimate facts. *Id.* at

318-319.

On habeas corpus review, the Court "does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003)(citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Id.* In addition, circumstantial evidence may be sufficient to support a conviction and such evidence need not remove every reasonable hypothesis except that of guilt. *See Jackson,* 443 U.S. at 326; *Walker v. Russell*, 57 F.3d 472, 475 (6th Cir. 1995); *Jamison v. Collins,* 100 F. Supp.2d 647, 705 (S.D. Ohio 2000), *aff'd*, 291 F.3d 380 (6th Cir. 2002).

Therefore, the question for this Court is whether the Ohio court of appeals' application of the "no rational trier of fact" test, as articulated in *Jackson* and adopted as a matter of Ohio law in *State v. Jenks*, 61 Ohio St.3d 259 (1991), was contrary to or an unreasonable application of that test to the facts of this case.

Upon review of the entire record, this Court agrees with the finding of the state court of appeals that the evidence supported a finding of guilt beyond a reasonable doubt. The State presented sufficient evidence that petitioner knowingly caused serious physical harm to his wife. The victim testified that as soon as she started saying things that petitioner did not like, he started to pound her in the face with his fist. (Transcript at 28). As she tried to get away from him, he grabbed her by the hair, pulled her back, and resumed pounding her in the face. (Transcript 28-29). The victim testified that after she fell to the floor, petitioner kept punching her in the face. He then grabbed her hair and slammed her head repeatedly into the concrete floor, causing her to bleed from the nose and head. (Transcript 29-31). Officer Stroud testified

24

that the victim "looked like she was just involved in a boxing match" and had a bloody lip and a huge knot on the front of her forehead. (Transcript 149).  He also observed a lot of blood in the bedroom  (Transcript 150) and a felt a few knots on the back of the victim's head. (Transcript 153).  Belinda Neal testified that the victim looked "like an animal.  Like not a human person in the face.  Someone that you would think just had on some kind of a mask or something.  Her face was very swollen.  I mean her lips, everything just looked puffy.  Her eyes were like almost shut.  Just sunk in her head." (Transcript at 142).  The victim's injuries included black eyes, bruises on her legs and arms, and a big knot on her forehead. (Transcript at 43-44).

Although petitioner denies the injuries were serious and argues the marital relationship should have factored into the trial court's determination, the evidence presented was sufficient to support a finding of "serious" physical harm to support a conviction on felonious assault and not merely "physical harm" required for a domestic violence conviction.

When viewing all of the evidence in the light most favorable to the prosecution, *see Jackson v. Virginia, supra*, and for the reasons discussed by the state appellate court, this Court concludes that the evidence was constitutionally sufficient to sustain petitioner's conviction for felonious assault.  Therefore, the remaining claim set forth in Ground Three of the petition is without merit and should be denied.


## VI.  PETITIONER'S MOTION TO HOLD HABEAS PETITION IN ABEYANCE SHOULD BE DENIED.

Petitioner's motion to hold habeas petition in abeyance (Doc. 3) seeks a stay of this case pending the state courts' resolution of his April 6 and May 3, 2004 motions for leave to file a delayed motion for a new trial based on newly discovered evidence (Doc. 9, Exhs.  26, 27) and

his appeal from the trial court's November 9, 2006 order denying his motion to vacate his sentence in which he challenged his sentence on Sixth Amendment grounds. (Doc. 9, Exh. 32).

A federal court under certain circumstances may stay a mixed[10] petition to allow a petitioner to present his unexhausted claims in state court and then return to federal court for review of his petition to avoid a statute of limitations bar.  *See Rhines v. Weber*, 544 U.S. 269 (2005).  However, here, Petitioner's motion to hold his habeas petition in abeyance should be denied because his petition does not contain any claims that require exhaustion in the state courts.  As explained above, each of the three grounds for relief in his habeas petition have either been procedurally defaulted and waived, or are without merit.  Since none of the grounds for relief requires exhaustion in the state courts, the stay and abeyance procedure is simply inapplicable to this case.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be DENIED with prejudice.

2.  Petitioner's motion to hold his habeas petition in abeyance (Doc. 3) should be DENIED.

3.  A certificate of appealability should not issue with respect to Ground One and Ground Three (with respect to petitioner's felonious assault conviction) of the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on this claim.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

---

[10] A mixed petition contains both unexhausted and exhausted claims.

4.  A certificate of appealability should not issue with respect to Ground Two and Ground Three (with respect to petitioner's aggravated burglary and robbery convictions) of the petition which this Court has concluded is waived and thus barred from review on procedural grounds because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the *Slack* standard.[11]

5.  The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  8/28/2007
    KI

     s/Timothy S. Black
Timothy S. Black
United States Magistrate Judge

---

[11]  Because this Court finds that petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner stated a valid constitutional claim.  *See Slack,* 529 U.S. at 484.

27

# UNITED  STATES  DISTRICT  COURT
## SOUTHERN  DISTRICT  OF  OHIO
### WESTERN  DIVISION

THOMAS CALHOUN,                                         Civil Action No. 1:06-cv-782
        Petitioner,

                                              Dlott, J.

        vs.                                               Black, M.J.

WANZA JACKSON,
        Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474  U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

28